THOMAS A. WOODS (SB #210050)
thomas.woods@stoel.com
BRYAN L. HAWKINS (SB #238346)
bryan.hawkins@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Defendants
Select Portfolio Servicing, Inc. and U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH B. NEAL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA6; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 5:16-cv-04923-EJD<br><br>**DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA6'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 20, 2017<br>Time: 9:00 a.m.<br>Location: Courtroom 4, 5th Floor<br>Judge: Edward J. Davila |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii
I. INTRODUCTION ..... 2
II. PROCEDURAL HISTORY ..... 2
  A. THE FIRST ACTION ..... 2
  B. THE SECOND ACTION ..... 3
III. ALLEGATIONS AT ISSUE ..... 4
IV. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS ..... 4
  A. STANDARD OF REVIEW ..... 4
  B. ARGUMENT ..... 5
    1. Plaintiff's First and Second Claims for Relief Are Barred by the Doctrine of Res Judicata ..... 5
    2. Plaintiff's First Claim for Relief for Wrongful of Assignment of Deed of Trust and Second Claim for Relief for Lack of Legal Standing Fail To State a Claim for Independent Reasons ..... 6
    3. Plaintiff's Third Claim for Relief for Interference of Contract Fails To State a Claim ..... 7
    4. Plaintiff's Fourth Claim for Relief for Intentional Representation and Fifth Claim for Relief for Negligent Misrepresentation Fail To State a Claim ..... 7
    5. Plaintiff's Sixth Claim for Relief for Violation of California Homeowners' Bill of Rights Fails To State a Claim ..... 9
    6. Plaintiff's Seventh Claim for Relief for Unjust Enrichment Fails To State a Claim ..... 9
    7. Plaintiff's Eighth Claim for Relief for Accounting Fails To State a Claim ..... 9
    8. Plaintiff's Ninth Claim for Relief for Quiet Title Fails To State a Claim ..... 10
    9. Plaintiff's Tenth Claim for Relief for Violation of California Business and Professions Code Section 17200 Fails To State a Claim ..... 11
    10. Leave To Amend Should Be Denied ..... 12
V. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Almutarreb v. Bank of N.Y. Trust Co., N.A.*,
Case No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202 (N.D. Cal. Sept. 24, 2012) .......... 9

*Armstrong v. Young*,
2013 WL 3289035 (E.D. Cal. June 28, 2013) .......... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 8

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) .......... 5

*Bardin v. Daimlerchrysler Corp.*,
136 Cal. App. 4th 1255 (2006) .......... 11

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007) .......... 8

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*
(2008) 162 Cal. App. 4th at 867 .......... 10

*In re Brown*
(Bkrtcy N.D. Cal. 2012) No. 11-3250-01-DM, 2012 WL 5942262 .......... 6

*Calvo v. HSBC Bank USA, N.A.*
(2011) 199 Cal. App. 4th 118 .......... 6

*Cicone v. URS Corp.*,
183 Cal. App. 3d 194 (1986) .......... 7

*Consumer Def. Grp. v. Rental Hous. Indus. Members*,
137 Cal. App. 4th 1185 (2006) .......... 11

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal. App. 4th 247 (2010) .......... 11

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) .......... 9

*Fontenot v. Wells Fargo Bank, N.A.*
(2011) 198 Cal. App. 4th 256 .......... 6

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Fox v. Pollack*,
181 Cal. App. 3d 954 (1986) ........ 8

*Gerhard v. Stephens*
(1968) 68 Cal.2d 864 ........ 10

*Glaski v. Bank of America, N.A.*,
218 Cal. App. 4th 1079 ........ 6

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) ........ 9

*Jackson v. Bank of Haw.*,
902 F.2d 1385 (9th Cir. 1990) ........ 12

*Kelley v. Mortgage Elec. Registration Sys.*
(N.D. Cal. 2009) 642 F.Supp.2d 1048 ........ 10

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ........ 11

*Krantz v. BT Visual Images, L.L.C.*,
89 Cal. App. 4th 164 (2001) ........ 12

*Morgan v. Aurora Loan Services, LLC*,
No. 14-55203, 2016 WL 1179733 (9th Cir. March 28, 2016) ........ 6

*Mpoyo v. Litton Electro-Optical Systems*,
430 F.3d 985 (9th Cir. 2005) ........ 5

*Noll v. eBay, Inc.*,
282 F.R.D. 462 (N.D. Cal. 2012) ........ 8

*Olszewski v. Scripps Health*,
30 Cal. 4th 798 *(2003)* ........ 11

*Paz v. California*,
22 Cal. 4th 550 (2001) ........ 8

*Quelimane Co. v. Stewart Title Guaranty Co.*,
19 Cal.4th 26 (1998) ........ 7

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
757 F.3d 79 (2d Cir. 2014) ........ 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Ricon v. Recontrust Co.*,
Case No. 09CV937-IEG-JMA, 2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009) ....... 9

*Robinson Helicopter Co. v. Dana Corp.*,
34 Cal. 4th 979 (2004) ....... 7

*Saterbak v. JPMorgan Chase Bank*,
245 Cal. App. 4th 808 (2016) ....... 7

*Saunders v. Superior Court*,
27 Cal. App. 4th 832 (1994) ....... 11

*Serpa v. SBC Telecomms., Inc.*,
318 F. Supp. 2d 865 (N.D. Cal. 2004) ....... 12

*Shermoen v. United States*,
982 F.2d 1312 (9th Cir. 1992) ....... 12

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....... 5

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....... 5

*Teselle v. McLoughlin*,
173 Cal. App. 4th 156 (2009) ....... 9

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ....... 8

*Yvanova v. New Century Mortg. Corp.*,
62 Cal.4th 919 (2016) ....... 6

*Yvanova v. New York Century Mortgage Corp.*,
226 Cal. App. 495 (2014) ....... 6, 7

**Statutes**

Cal. Bus. & Prof. Code § 17200 ....... 11

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ....... 2, 11

Cal. Bus. & Prof. Code § 17204 ....... 11

Cal. Bus. & Prof. Code § 17208 ....... 12

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Cal. Civ. Code § 2923.7 .......... 9

Cal. Civ. Code § 2932.5 .......... 6

Cal. Civ. Proc. Code § 761.020 .......... 10

Consumer Protection Financial Act .......... 2, 3

Consumers Legal Remedies Act .......... 8

**Rules**

F.R.C.P. 9(b) .......... 8

F.R.C.P. 12(b)(1) .......... 5

F.R.C.P. 12(b)(6) .......... 4

F.R.C.P. 15 .......... 3

F.R.C.P. 15(b) .......... 12

**Constitutional Provisions**

Bill of Rights .......... 2, 3, 9

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 20, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila in Courtroom 4 of the United States District Court for the Northern District of California, located on the 5th Floor of the San Jose Courthouse at 280 South 1st Street, San Jose, California 95113, Defendants U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6 (the "Trust") and Select Portfolio Servicing, Inc. ("SPS," collectively "Defendants") will and hereby do move this Court for an order dismissing Plaintiff Ralph B. Neal's ( "Plaintiff") Complaint in its entirety.

Defendants' Motion To Dismiss is made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the Complaint and its exhibits, any reply memorandum, the pleading and files in this action, and such other matters as may be presented at or before the hearing.

DATED: October 28, 2016

STOEL RIVES LLP

By: /s/ Bryan L. Hawkins
THOMAS A. WOODS
BRYAN L. HAWKINS
Attorneys for Defendants
Select Portfolio Servicing, Inc. and U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6

## I. INTRODUCTION

Plaintiff Ralph B. Neal's ("Plaintiff") Complaint in this action is an extension of an action already pending before this Court against the same Defendants[1] in the matter styled as *Ralph Neal v. Select Portfolio Servicing, Inc.*, Northern District of California, Case No. 5:15-cv-03212-EJD (the "First Action"). On February 11, 2016, Defendants filed their motion to dismiss Plaintiff's First Amended Complaint in that action; Defendants' motion is currently under submission to this Court. On July 27, 2016, and with that motion still pending, Plaintiff filed this current action, which Defendants removed to this Court on August 26, 2016 (the "Second Action"). Plaintiff's allegations and claims in this Second Action are identical to the allegations and claims at issue in the First Action. Specifically, and just like the First Action, the claims are based on legal contentions and theories rejected by California courts - State and Federal. For these reasons, and as further discussed below, Defendants respectfully request that the Court grant their motion to dismiss with prejudice in its entirety.

## II. PROCEDURAL HISTORY

### A. THE FIRST ACTION

On June 1, 2015, Plaintiff initiated an action in the Santa Clara County Superior Court alleging causes of action for (1) wrongful assignment of deed of trust; (2) lack of legal standing; (3) violation of California Homeowners Bill of Rights; (4) promissory estoppel; (5) unjust enrichment; (6) accounting; (7) declaratory relief; (8) quiet title; (9) violations of California Business and Professions Code Sections 17200, *et seq.*; and (10) violation of the Consumer Protection Financial Act. Case No. 5:15-cv-03212-EJD, ECF No. 2.

On July 10, 2015, Defendants removed this action to this Court and on July 17, 2015, they filed their Motion to Dismiss all of the claims in the Complaint. Case No. 5:15-cv-03212-EJD, ECF No. 7.

[1] The term "Defendants" refers to U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6 (erroneously sued as Bank of America, N.A.) (the "Trust") and Select Portfolio Servicing, Inc. ("SPS").

On January 5, 2016, the Court issued an Order granting Defendants' motion to dismiss in its entirety. Case No. 5:15-cv-03212-EJD, ECF No. 22. The dismissal of Plaintiff's first cause of action for wrongful assignment of deed of trust, second cause of action for lack of legal standing, and tenth cause of action for violation of the Consumer Protection Financial Act was without leave to amend and the dismissal of the remaining claims was with leave to amend. Case No. 5:15-cv-03212-EJD, ECF No. 22, at p. 14.[2] In the Court's Order, however, the Court advised Plaintiff that he could not "add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15." *Id.*

On January 25, 2016, Plaintiff filed his First Amended Complaint. Case No. 5:15-cv-03212-EJD, ECF No. 25.

On February 11, 2016, Defendants filed their motion to dismiss Plaintiff's First Amended Complaint. Case No. 5:15-cv-03212-EJD, ECF No. 26. This motion is currently under submission to this Court.

B. <u>THE SECOND ACTION</u>

On July 27, 2016, Plaintiff filed the Second Action in the Superior Court of the State of California for the County of Santa Clara, Case Number 16-cv-298182. Plaintiff's Complaint in the Second State Action alleges causes of action for void assignment of deed of trust, lack of legal standing, interference with contract, intentional misrepresentation, negligent misrepresentation, violation of California Homeowners Bill of Rights, unjust enrichment, accounting, quiet title, and violation of California Business and Professions Code. The Complaint in the Second State Action is virtually identical to the original Complaint in the First Action. *Compare* ECF No. 1 *with* Case No. 5:15-cv-03212-EJD, ECF No. 1.

On August 26, 2016, Defendants removed the Second Action to the Northern District where it was assigned to Magistrate Judge Howard R. Lloyd.

[2] The page number references refer to the page numbers on the actual document rather than the ECF numbers running along the top portion of every page.

On September 2, 2016, Defendants filed an *ex parte* application in the Second Action seeking an Order enlarging their time to respond to the Complaint in that action so that they could submit to this Court an administrative motion to relate the two actions.

On September 26, 2016, Magistrate Judge Lloyd issued two Orders: (a) an Order referring the Second Action to this Court to determine whether it is related to the First Action; and (b) an Order extending Defendants' deadline to respond to the Complaint in the Second Action to September 16, 2016.

On September 30, 2016, Plaintiff filed a declination to proceed before a magistrate judge.

On September 30, 2016, this matter was reassigned to this Court.

## III. ALLEGATIONS AT ISSUE

On May 17, 2007, Plaintiff obtained a loan in the amount of $1,150,000 from Washington Mutual Bank, FA ("WAMU"). Complaint, ¶ 11; Exh. A. The loan was securitized by a Deed of Trust ("DOT") on the real property located at 1588 Calco Creek Drive, San Jose, California (the "Property"). *Id.* The DOT identified WAMU as the lender and beneficiary, Plaintiff as the Trustor, and California Reconveyance Company ("CRC") as the Trustee. *Id.*

On November 4, 2010, CRC caused to be recorded an Assignment of Deed of Trust ("ADOT") assigning the DOT from JPMorgan Chase Bank, NA ("Chase"), who succeeded to WAMU's interest in the DOT, to Bank of America, NA, as trustee for WaMu Mortgage Pass-Through Certificates Series 2207-0A6 Trust (the "Trust"). Complaint, Exh. B. U.S. Bank National Association has subsequently become the new trustee for the Trust.

## IV. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS

### A. STANDARD OF REVIEW

Rule 12(b)(6) directs dismissal of any complaint that fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Bald assertions and legal conclusions are "not entitled to the assumption of truth." *Id.* at 679. Indeed, the Court "need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory or [an] absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The allegations in a complaint must be "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

B. ARGUMENT

1. Plaintiff's First and Second Claims for Relief Are Barred by the Doctrine of *Res Judicata*

"Res judicata is generally jurisdictional; therefore the motion to dismiss is properly made under Federal Rule of Civil Procedure 12(b)(1)." *Armstrong v. Young*, 2013 WL 3289035, at *2 (E.D. Cal. June 28, 2013) (citations omitted).

Res judicata applies where a plaintiff brings consecutive lawsuits and "'the earlier suit ... (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (citations omitted) ("*Mpoyo*"). Determining whether the two cases involve the same claim or cause of action requires the Court to analyze "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Id.* (citations omitted).

If res judicata applies, the later filed suit must be dismissed.

Plaintiff's first claim for relief alleges a claim for "wrongful assignment of deed of trust" and his second claim for relief alleges a claim for "lack of legal standing." These claims, however, were previously brought and dismiss (without leave to amend) in his First Action. Case No. 5:15-cv-03212-EJD, ECF No. 22. As such, the claims are barred in this action.

2. Plaintiff's First Claim for Relief for Wrongful of Assignment of Deed of Trust and Second Claim for Relief for Lack of Legal Standing Fail To State a Claim for Independent Reasons

Even assuming the doctrine of *res judicata* did not apply, Plaintiff's first two claims for relief must be dismissed. As for the first claim for relief, it is premised on the following contentions: (1) that the ADOT assigning the DOT from Chase to the Trust is void and unenforceable because there was allegedly no recorded ADOT assigning the DOT to Chase earlier; and (2) the assignment to the Trust is improper under the reasoning set forth in *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 and *Yvanova v. New York Century Mortgage Corp.*, 226 Cal. App. 495 (2014). The second claim for relief is premised on the same contentions. These contentions, however, are incorrect.

As for the first contention, it is based on California Civil Code section 2932.5, which provides as follows:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledge and recorded.

Plaintiff's argument fails because, unlike with "mortgages," the assignment of beneficial interest under a DOT need not be recorded *at all*; much less at the time the assignment is made. *See Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal. App. 4th 118, 122; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal. App. 4th 256, 272; *In re Brown*, (Bkrtcy N.D. Cal. 2012) No. 11-3250-01-DM, 2012 WL 5942262, **3-4.

Plaintiff's reliance on *Glaski* and *Yvanova* is also misplaced. In order for a borrower to possess standing to challenge an assignment, the borrower must (1) have suffered a nonjudicial foreclosure and (2) allege facts showing that the allegedly underlying defect renders the assignment void, rather than merely voidable. *See Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 924 (2016); *Morgan v. Aurora Loan Services, LLC*, No. 14-55203, 2016 WL 1179733, at * 2 (9th Cir. March 28, 2016) (holding that a violation of a trust agreement renders an

assignment voidable, not void). In this case, Plaintiff lacks standing because (1) he has not yet suffered a nonjudicial foreclosure and (2) the allegedly late transfer to the trust merely renders it voidable, rather than void as required by *Yvanova*. *See Saterbak v. JPMorgan Chase Bank*, 245 Cal. App. 4th 808, 795-96 (2016); *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88-89 (2d Cir. 2014) ("the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law"; "an unauthorized act by the trustee is not void but merely voidable by the beneficiary.").

For these reasons, Defendants respectfully requests that these claims be dismissed.

3. Plaintiff's Third Claim for Relief for Interference of Contract Fails To State a Claim

The elements of a claim for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *See Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 55 (1998). The pith of this claim is that Defendants interfered with Plaintiff's underlying contract with WAMU by asserting their ownership of the Note. This claim fails because, as discussed above, Defendants are the rightful owners of the Note and have authority to foreclose.

4. Plaintiff's Fourth Claim for Relief for Intentional Representation and Fifth Claim for Relief for Negligent Misrepresentation Fail To State a Claim

The elements of a cause of action for fraud are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Similarly, the elements for a cause of action for negligent misrepresentation are (1) the fact of misrepresentation, (2) misrepresentation without any reasonable ground for believing it to be true, (3) an intent to induce the plaintiff's reliance on the misrepresentation, (4) the plaintiff's justifiable reliance on the misrepresentation, and (5) damage resulting from that reliance. *See Cicone v. URS Corp.,* 183 Cal. App. 3d 194, 208

(1986); *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986). A plaintiff alleging a claim for negligent misrepresentation must also allege the existence of a duty of care between himself and the defendant. *See Paz v. California*, 22 Cal. 4th 550, 557-558 (2001).

When a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires that the "circumstances constituting fraud or mistake" shall be "state[d] with particularity." State law determines the elements of the cause of action, but "the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule," and applies to state-law claims sounding in fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (emphasis and citation omitted) (applying Rule 9(b) standard to action asserting unfair competition and Consumers Legal Remedies Act violations); *see also Noll v. eBay, Inc.,* 282 F.R.D. 462, 468 (N.D. Cal. 2012).

The principle thrust of these claims is that Defendants misrepresented their standing to foreclose. This claim fails because, as discussed, Defendants possess such standing. Complaint, Exh. B. For this reason, these claims fail.

In addition, Plaintiff has failed to allege any factual basis for his conclusory allegation that Defendants had either knowledge of the purported falsity of its communications or made such communications with the intent to defraud. Without such factual basis, Plaintiff has not satisfied the standards espoused by the United States Supreme Court in *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

The claim also fails because, even assuming Plaintiff had successfully pled his contention that Defendants' representations were false, he has not pled reliance, causation, or damages. Plaintiff does not allege what he did or didn't do based upon these representations.

Finally, Plaintiff's claims are not alleged with the requisite specificity. Plaintiff does not allege the identities of the individuals with whom he allegedly spoke or even the precise dates on which these alleged conversations took place. For any and all of these reasons, these claims should be dismissed.

5. Plaintiff's Sixth Claim for Relief for Violation of California Homeowners' Bill of Rights Fails To State a Claim

Plaintiff's sixth claim for relief alleges violations of California's Homeowners' Bill of Rights ("HBOR"). Although unclear, Plaintiff appears to allege that SPS violated the HBOR by failing to provide a single point of contact and "denying Plaintiff [a] rightful opportunity [for a loan modification]." Complaint, ¶¶ 72-73. This claim for relief fails to state a claim against Defendants because Plaintiff does not allege that he ever requested a single point of contact (which is a prerequisite for any alleged violation[3]) or that he ever even submitted an application for a loan modification. For these reasons, this claim fails.

6. Plaintiff's Seventh Claim for Relief for Unjust Enrichment Fails To State a Claim

Plaintiff's seventh claim for relief is for unjust enrichment. This claim fails because it does not constitute a valid cause of action. *See Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2014) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010)). Further, and even assuming it did constitute a valid claim, it is unsupported by and factual allegations.

7. Plaintiff's Eighth Claim for Relief for Accounting Fails To State a Claim

Plaintiff's eighth for relief is for an accounting. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, Case No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, *16-17 (N.D. Cal. Sept. 24, 2012) (citing *Ricon v. Recontrust Co.*, Case No. 09CV937-IEG-JMA, 2009 U.S. Dist. LEXIS 67807, *7 (S.D. Cal. Aug. 4, 2009) and *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009)). Here, Plaintiff has failed to allege these elements and, therefore, the claim fails. Indeed, there is nothing in the Complaint suggesting that this is anything other than a non-viable complaint over standard deed of trust provisions Plaintiff

[3] *See* California Civil Code section 2923.7 ("Upon a request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.").

does not dispute he defaulted on. Nothing is so "complex" about the issues relating to Plaintiff's mortgage payments (or lack thereof) that an accounting is required.

8. Plaintiff's Ninth Claim for Relief for Quiet Title Fails To State a Claim

Plaintiff's first claim for relief is for quiet title. This claim fails.

"A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." (*Kelley v. Mortgage Elec. Registration Sys*. (N.D. Cal. 2009) 642 F.Supp.2d 1048, 1057 (citing Cal. Civ. Proc. Code § 761.020).) "[G]enerally in a quiet title action the plaintiff can prevail only by the establishment of his own title and not by reliance upon a weakness in defendant's title." (*Gerhard v. Stephens* (1968) 68 Cal.2d 864, 918.) In *Kelley*, the court properly dismissed the plaintiffs' claim for quiet title where the plaintiffs failed to allege that they satisfied *their obligations under their applicable deed of trust*. (*Kelley*, 642 F.Supp.2d at 1057.)

Plaintiff merely asserts a self-serving allegation that he "has legal and equitable interest on the subject property being the Trustor in the Deed of Trust . . ." Complaint, ¶ 91. This allegation is insufficient to support a claim for quiet title because the judicially noticeable public records (along with Plaintiff's own admissions) show that he has not met his obligations that are preconditions to his ownership of the Property. Indeed, Plaintiff has asserted no right to ownership in the Property superior to the recorded DOT and assignment of beneficial interest under the DOT in favor of the Trust. Plaintiff defaulted on his mortgage obligations and is presently in default on the DOT and subject to foreclosure.

Claims for quiet title -- like Plaintiff's -- that do not establish the *borrower's title,* are not actionable. *Kelley*, 642 F.Supp.2d at 1057; *see also* ECF No. 22 at pp. 12-13. Because Plaintiff has not satisfied (and cannot satisfy) the critical element of having established his right to the Property, he is not entitled to the Property. *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal. App. 4th at 867. Plaintiff's claim of weakness in SPS and the Trust's interest in the Property is irrelevant to his claim for quiet title. *Gerhard*, 68 Cal.2d at 918.

9. Plaintiff's Tenth Claim for Relief for Violation of California Business and Professions Code Section 17200 Fails To State a Claim

Plaintiff's tenth claim is for unfair business practices under California Business and Professions Code sections 17200, *et seq*. A plaintiff asserting an unfair competition claim must allege an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "A business practice is unlawful 'if it is forbidden by any law[.]'" *Olszewski v. Scripps Health,* 30 Cal. 4th 798, 827 *(2003)* (citation omitted). "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). "'Unfair' simply means any practice whose harm to the victim outweighs its benefits." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994). "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing that "'members of the public are likely to be deceived.'" *Korea Supply Co.*, 29 Cal. 4th at 1151 (citation omitted). An "'unfair' business practice occurs when the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1268 (2006) (internal quotation marks and citation omitted); *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010). In addition to alleging an unlawful, unfair, or fraudulent act, a private party may only sue if it "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204.

Plaintiff's unfair competition claim should be dismissed for four reasons. First, Plaintiff has not alleged any injury. The only injury he alleges is making loan payments and clouding of his title. Complaint at ¶ 99. These are not tenable damages because they are premised on his incorrect contention that SPS and the Trust lack standing to enforce the Note or the DOT, when such standing clearly exists. *See* Complaint, Exh. B.

Second, these claims are premised entirely on the other causes of action alleged in the Complaint. As those causes of action fail, so do these claims of unfair competition. *See, e.g., Consumer Def. Grp. v. Rental Hous. Indus. Members,* 137 Cal. App. 4th 1185, 1220 (2006)

(dismissing UCL claim when predicate claims were also dismissed); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) (the viability of a UCL claim "stand[s] or fall[s]" with the underlying claim). Third, Plaintiff has not alleged any unfair conduct; rather, he has only alleged SPS and the Trust's attempts to enforce the Note and DOT.

Fourth, the claim is time-barred. The statute of limitations for UCL claims is four years. Cal. Bus. & Prof. Code § 17208. Any demands for payment or filing of foreclosure documents that could have clouded his title occurred in November 2010 at the latest, when the NOD was recorded. Request for Judicial Notice ("RJN"), Exh. 1. As this current action was not filed until this year, this claim is time-barred. ECF # 1.

For these reasons, Defendants' motion to dismiss should be granted without leave to amend.

10. Leave To Amend Should Be Denied

Federal Rule of Civil Procedure 15(b) provides that "leave [to amend] shall be freely given when justice so requires." Despite this language, leave to amend should not be granted automatically. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Denial of leave to amend is appropriate if the amendment would be futile or "where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (citing *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992)).

Denial of leave to amend is proper in this matter because Plaintiff has now filed the same action against Defendants multiple times without ever alleging any tenable claims; it is now clear that the Complaint represents Plaintiff's "best efforts" to plead claims against Defendants. The fact that those claims fail is proof that the granting of leave would be futile. Put simply, if Plaintiff could allege any plausible claims against Defendants he would have done so. He has not and, for that reason, leave to amend should be denied.

**V. CONCLUSION**

For any and all of these reasons, Defendants respectfully requests that the Court grant their motion and dismiss Plaintiff's Complaint with prejudice.

DATED: October 28, 2016

STOEL RIVES LLP

By: /s/ Bryan L. Hawkins
THOMAS A. WOODS
BRYAN L. HAWKINS
Attorneys for Defendants
Select Portfolio Servicing, Inc. and U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6