**RALPH B. NEAL**
**1588 Calco Creek**
**San Jose, CA 95127**
**Tel (408)219-1188**

**RALPH B. NEAL**
Plaintiff In Proper

FILED
FEB 17 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
sn

C/EJD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RALPH B. NEAL,

Plaintiff,

vs.

U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LA SALLE BANK, NA. AS TRUSTEE, ON BEHALF OF HOLDERS OF WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-OA6; SELECT PORTFOLIO SERVICING INC., AND DOES 1-20, inclusive,

Defendants.

Civil Case No. 5:16-cv-04923- EJD

**OPPOSITION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PLAINTIFF RALPH NEAL**

Date: April 20, 2017
Time: 9:00 a.m.
Location: Courtroom 4, 5th flr
Judge: Edward Davila

# OPPOSITION TO MOTION TO DISMISS

Plaintiff, RALPH B. NEAL hereby submits his Opposition to the Motion to Dismiss by Defendants SELECT PORTFOLIO SERVICING and U.S. BANK, SUCCESSOR TRUSTEE TO BANK OF AMERICA NA., SUCCESSOR IN INTEREST TO LA SALLE BANK NA., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS THROUGH CERTIFICATE SERIES 2007- OA6 TRUST , accordingly as follow:

## INTRODUCTION

In Defendants' motion to dismiss, there are no valid allegations to dispute Plaintiff's complaint as Defendants have just mostly provided blanket statements of alleged legal standing, ownership and being servicer of the subject loan, despite void chain of assignments, transfers and/or conveyances. Specifically, Defendants still fails to attach copies of the necessary and pertinent documents so as to be able to trace the chain of titles and determine the prospective rights of parties.

In mortgage securitization, such as the herein subject loan, the necessary documents that also need to be produced are: a) Pooling and Servicing Agreement or Pooling and Assumption Agreement b) Underwriting Agreement c) Prospectus Supplement Form 424 (B)(5), (d) Registration Statement, Form 8-K (e) REMIC Trust, among others.

The trier of facts would require the operative and governing document, among others the Pooling and Servicing Agreement, if any and/or the Pooling and Assumption Agreement,

which together with the Underwriting Agreement would indicate who is the Originator or, Depositor/Transferror required to convey the mortgage loan and the deadline to convey the subject loan since the PSA or the P&A specifically requires all parties to strictly adhere to the Internal Revenue Code (the "IRC") Section 860 provisions, with the necessary REMC Trust provisions

Even yet, the successive transfers to various entities of the subject loan that may be judicially noticed may be considered hearsay, until litigated as to the truth, and that courts cannot just take judicial notice of disputed facts contained in such hearsay documents . It is well established that "taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of the its meaning as the truthfulness and proper interpretation of its meaning are still disputable" (Joslin v. H.A.S Ins. Brokerage (1986) 184 cal App 3d 369, 374 (228 cal Rptr.878). While the courts take judicial notice of public records, they do not take notice of the truth of the matters stated therein (Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal App.4th 1366; Love v. Wolf (1964) 226 Cal. App.2d 378, 403 (38 Cal.Rptr.183); StorMedia Inc v. Superior Court (1999) 20 Cal.4th 449, 457).

It is undeniable that the mortgage fiasco has rocked the economy in the recent years. This was because, as has been common knowledge, that lenders have attempted to generate as many mortgage "teaser" loans as possible without regard to borrowers financial capacity, to be further securitized and transferred to pretender lenders under the guise of a trust or mortgage backed securities. Hence, many borrowers, such as the Plaintiff could no longer afford the mortgage, without fault of their own as they become victims of predatory lending, hence had no choice but to default on their loans, arising from actual controversies.

This was also the reason why many big lenders collapse and one of these is Washington Mutual, which has originated and purchased loans with above market interest rates and

terms, with the intention of seling immediately to the secondary market for unconscionable profits, .

Inasmuch as the original party to the contract was herein Plaintiff and Washington Mutual, Plaintiff therefore has every right to claim for relief on the original lender WAMU and/or its Assignees and/or Successors in Interest. It would be a travesty of justice if disadvantaged party on a contract such as the Deed of Trust, could not claim relief just because the obligations has been transferred or assigned by the other party to a third party Now SPS and US BANK, as new assignees continue to be conduit to this deceptive scheme through misleading marketing practices, buying and selling risky and costly loans to borrowers , the terms and dangers of which the borrowers could not understand with the complicated mortgage instrument such as hybrid ARM or payment option ARM originally with "teaser" or "fixed" rates by obfuscating or misrepresenting the later steep monthly payments and interest rate increases. Successive assignments then occurred and the new assignees such as herein Defendants took blind eyes so too they can unjustly profit also from these prior deceptive schemes.

## ARGUMENTS

## MEMORANDUM OF POINTS and AUTHORITIES

Federal Rule of Civil Procedure 8(a) states that a complaint should contain a short and plains statement of the claim showing that the pleader is entitled to relief, " Fed R. Civ.P. (a)(2 and that each allegation must be simple, concise and direct." Fed R.Civ.P.8(d)(1). The Supreme Court explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkierwicz v. Sorema N.A. 534 U.S. 506, 512 (2002); accord Achison, Topeka & Santa Fe Ry. V Buell, 489 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has no duty to set out all of the relevant facts in his complaint").* Specific facts are not necessary in a Complaint,

instead the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) quoting Bell Atlantic vs. Twomnly, 50 U.S> 544, 555 (2007)).* Thus, the Federal Rules embody "notice pleading" and require only a concise statement of of the claim, rather than evidentiary facts.

Here, the Plaintiff's complaint is not unintelligible, not failing to state facts for causes of actions, and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has more than sufficient statement of the claim and more than meets the requirements that it be "short and plain". For example, the Complaint properly identifies the actions of Defendants and how those actions are wrongful.

Moreover, Complaint under Rule 12(b)(6) must be denied if the Complaint contains sufficient factual matter to state claim that is plausible on its face. *Fowlwer vs. UPMC Shadyside, 578 F.3d 203, 210 (3rd Cir. 2009) citing Ashcroft vs. Iqbal._U.S_129, S. Ct. 1937, 1949 (2009).* In assessing a motion to dismiss in terms of a Complaint that alleges the deprivation of constitutional rights, a court should not "inquire whether the plaintiff will ultimately prevail, ***only whether they are entitled to offer evidence to support their*** . ***claims.*** *Langford v. City of Atlantic City, 235F.3d 845, 847(3rd Cir.2000) quoting, Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir 1996)* (Emphasis added). Thus, if a complaint alleges sufficient facts giving rise to a plausible claim for the deprivation of constitutional rights, the motion must be denied, and Plaintiff must be given the opportunity to offer evidence in support of his claim.

Furthermore, in reviewing a motion to dismiss, all factual allegations must be accepted as true, and the Complaint must be construed in Plaintiff's favor to determine whether, under any reasonable reading of the Complaint, Plaintiff may be entitled to relief. *Nationwide Life In.* Co *Land Title Ins. Co., 579 F.3d 304, 307 ( 3rd Cir. 2009)*

**VOID ASSIGNMENTS BY DEFENDANTS**

The facts are undisputed that on November 4, 2010, an Assignment of deed of Trust **(Exhibit A)** was recorded in the Santa Clara County Recorder which recites as follow:

**FOR VALUE RECEIVED, the undersigned (JP MORGAN CHASE BANK) hereby grants, Assigns and transfers to BANK OF AMERICA NATIONAL ASSOCIATION, successor by merger to LA Salle Bank Na, as Trustee for Wamu mortgage pass through certificates series 2007-OA6 Trust.**

***(signed)***
***Colleen Irby, Officer***

Defendant J.P. MORGAN CHASE clearly has no legal standing to execute the assignment to BANK OF AMERICA NATIONAL ASSOCIATION, and there was no proper chain of assignment(s) recorded or unrecorded, to J.P MORGAN CHASE in the first place from the original lender WASHINGTON MUTUAL, or its assignees. The argument of CHASE that it was just a Succesor in Interest is insufficient. CHASE repeated allegations that there was a Pooling and Assumption Agreement with FDIC and CHASE only acquired the assets not the liability as regards the subject loan. Clearly and convincingly, these necessitates "trier of facts", and considering the strong possibility that not all loans are specifically identified thereto, to include that of Plaintiffs' loan in the P&A Agreement.

Moreover, the signatory COLLEEN IRBY who executed the assignment allegedly representing CHASE, had no capacity to execute such assignment, she being a robosignor Records indicate that COLEEN IRBY, as alleged officer of CHASE was actually an employee, section manager of CALIFORNIA RECONVEYANCE, which was the trustee at that time. She was also a former employee of the defunct WASHINGTON MUTUAL, which have filed bankruptcy on September 25, 2008, giving no more legal authority to her, henceforth did not have principal authority to execute the alleged assignment

of deed of trust.

In such a fraudulent transactions, robosigning now included, California is settled in Trout vs. Trout (1934) 220 Cal.662 at 656, made as much plain "Numereous authorities have established the rule that an assignment wholly void such as undelivered deed, a forged insttument , or deed, cannot be made foundation of good title, even under equitable doctrine of bona fide purchase.

Moreover, it is highly interesting that on the same day when the Assignment of Deed of Trust was recorded on November 4, 2010, a Notice of Default was also filed and recorded in the Santa Clara Recorder on same. Plaintiff have never received by mail or otherwise the Notice of Default from Defendants. During the Notice of Default and Assignment, it was indicated that the then existing beneficiary was J.P MORGAN CHASE but confusingly and contradictorily indicated on the Assignment, the assignee/beneficiary was BANK OF AMERICA NATIONAL ASSOCIATION, successor by merger to LA SALLE BANK NA as Trustee for WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-OA6 TRUST . These are all contradictions ( as to who is the real party in interests with legal standing with their corresponding roles), which Defendants could not confront.

When JP MORGAN CHASE BANK (CHASE) allegedly took over the subject loan, they mainly rest on their allegation that there was Purchase and Assumption Agreement ("P&A Agreement") between CHASE and FDIC, whereby accordingly CHASE did not assume liability or other relief related to the origination of the loan, yet CHASE is claiming ownership only the loan asset. This is precisely a "trier of facts" have to be litigated, inasmuch as the "P & A Agreement terms and provisions related to the issues have to be presented in evidence, among others and the truth of the matters thereof be determined and established. Likewise, even assuming of the succession in interest by CHASE, yet, proper recordation in the County recorder have to be implemented by CHASE before it can further execute any legal activity such as further assignments, collection and or/foreclosure activities pursuant to California Civil Code 2924 foreclosure laws.

In a recent California case, Javaheri v. JPMorgan Chase Bank, Case no CV10-08185 ODW, an Order by the Judge in the United States District for the Central District of California has denied JPMORGAN CHASE BANK's Motion to Dismiss a borrowers claim for Violations of Ca Civil Code 2923.5, Wrongful Foreclosure, Quiet Title, Quasi-Contract, Declaratory Relief and Injunctive Relief. The Court specifically found that " in the face of the specific factual allegations (by the borrower to the securitization of the loan) ***JPMORGAN's assertion that the P&A Agreement suffices to establish their ownership of the Note is no longer viable. Indeed,the P&A Agreement does not specifically identify the Plaintiff's Note"***

That quote exemplifies a central issue often been confronted with numerous Chase/WAMU cases in various states. Defendant CHASE claims to be the "successor in interest" to WAMU by virtue of its acquisition of the assets of WAMU, when in fact no such wholesale acquisition of mortgage loans across the board could have occurred, as evidenced in the Javaheri and the District of Columbia. Defendant CHASE is trying to maliciously get away with taking one position in its contract in the "East Coast" Federal litigation and take a completely contradictory position in California Federal Court. Should there be an acquisition of the subject loan by CHASE, they have to provide the evidence showing such acquisition..

And then now enter U.S. BANK and SELECT PORTFOLIO jumping the bandwagon and alleging to be the successor as owner and servicer respectively, from a broken chain and void assignment. Firstly, before these new entities to have legal standing they have to provide the appropriate legal documentations of transfers. They have not provided so and even if ther did, it is still not judicial notice as the trier of facts should prove the truths therein in the course of this litigation through discovery and trial.

**LEGAL STANDING**

From the above, it can be clearly be said that VOID Assignments have been established as Defendants clearly and convincingly cannot show proper receipt, possession transfer, negotiation and ownership of the Plaintiff's original promissory note and Deed of Trust,

resulting in an imperfect lien and interest claim. Moreover, Defendants clearly and convincingly do not have the ability to establish that the mortgage that secures the indebtedness was legally or properly acquired through transfer, assignement or otherwise, considering tha the original lender WASHINGTO MUTUAL was taken over by the FDIC.

The threshold of legal standing is loud and perfectly clear to be established.

The criteria are: (1) The Defendants must have a legally protected interests which must have been injured or damaged in fact (2) there should be a causal connection between the injury and the complaint of conduct (3) a likelihood as oppose to mere speculation that the injury is capable to be redressed by a favorable court. Properly understood, any legal standing contemplating a requirement that plaintiff "establish an entitlement to judicial action separate from the proof of substantive merits of the cliam advances ( 13A Wright & Miller, Fed Practice & Proc,3d ed. 2008 sec 3531, p 6 italics added). Moreover, standing requirements arises in California courts by virtue of Code of Civil procedure Sec 367, which states that as otherwise provided by statute, every action must be prosecuted in the name of the real party in interest.

Here, the Defendants are nowhere to be found in any transfer transaction documents.

Therefore, it is highly doubtful and unclear who now legally stand as the beneficiary/lender/assignee and current owner of the subject loan as part of the acquisition by J.P. MORGAN CHASE bankruptcy assets from WASHINGTON MUTUAL" On the complaint, Plaintiff allege to wit: " During the Notice of Default, it was indicated that the then existing beneficiary was J. P. MORGAN CHASE, but also indicated on the Assignment executed on same day of November 4, 2010, that the assignee/beneficiary was BANK OF AMERICA NATIONAL ASSOCIATION. The alleged succesors in interest by the herein Defendants would be also highly doubtful, as without proper legal documentations to prove their alleged ownership, as all impairing any Power of Sale alleged by Defendants, also failing to render effective any NOD provisions and NOTS provisions of the California 2924 foreclosure laws.

**Res Judicata Does Not Apply**

Although, the doctrine of ordinary res judicata precludes a second suit on the same action, After final judgment n the merits, it is vital to determine when the same cause of action will be involved. Definitions of a cause of action are multidinuous but are based on as few major theories: (1) the primary right theory- Under this theory, cause of action is defined as an obligatiob sought to be enforced; (2) the factual test theory-Adherents of this concept defined cause of action variously as a) the underlying evidence in a suit; b) all claims arising out of the same transaction or occurrence c) coextensive with the necessary allegations of a suit; constituting as many facts as may be conveniently tried in one hearing; (3) the discretion of the court theory-under this view the identity of the cause of action depends on the court's discretion, keeping in mind the underlying policies of ordinary res judicata and considering the peculiarities of the case.

Here, in this tort action, as California court still adheres, it is more likely that the primary rights duty may also apply, as the violation of each primary right of the plaintiff gives rise to as many causes of actions as there are obligations arising in the defendant. Thus a single tortuous act results in a separate causes of action for injury to property and to persons. Similarly, separate causes of action exist for injuries to a person's real property, personal property and to its character. Even in contract cases, the primary right theory is applicable where the remedial right to rescind can be separated to enforce the contract, which are not inconsistent with one another.

On Defendants Motion to Dismiss, they alleged that the earlier wrongful assignment of deed of trust is consistent with lack of legal standing to apply res judicata. This is not correct because the Wrongful assignment claim in the first action may be considered a voidable assignment by the courts whereas, in the second complaint, Plaintiff clearly pled VOID assignment as a separate cause of action which entailed various void transactions and events, to include robosigning, etc. Based on this, Legal standing will consistent with VOIDNESS, to survive as a cause of action. Furthermore, many courts hold that ordinary res judicata would not be applied so as to defeat the ends of justice as also the discretion of the court theory may be necessary, considering the peculiarities of the case.

**QUIET TITLE ACTION DUE TO LACK OF LEGAL STANDING, AMONG OTHERS ARE CLEAR VALID CLAIMS**

In Defendants Demurrer, they mentioned that Plaintiff has no legal and equitable interest because of the judicially requested documents

First of all, US. BANK, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA U.S. BANK, SUCCESSOR TRUSTEE TO BANK OF AMERICA NA., SUCCESSOR IN INTEREST TO LA SALLE BANK NA., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS THROUGH CERTIFICATE SERIES 2007- OA6 TRUST has no legal standing whatsoever as they are not even mentioned nor indicated in their purported judicially noticed documents, nor in any other documents . From this alone, without their legal standing, their arguments cannot be accepted. Example, they cannot even discuss robosigning as they are not the party that can be prejudiced from the robosigning. (will be discussed supra). Yet even if their arguments are considered, they are not relevant nor lack persuaviseness to the material issues of the case

It should be noted that when JP MORGAN CHASE BANK (CHASE) allegedly took over that there was supposed purportedly to have a Purchase and Assumption Agreement ("P&A Agreement") between CHASE and FDIC. **(Exhibit B).** Regardless. in fact, CHASE did not assume liability or other relief related to the origination of the loan, yet CHASE has claimed ownership only the loan asset, at one poin in time. This is precisely a "trier of facts" have to be litigated, to establish the chain of assignements inasmuch as the "P & A Agreement terms and provisions related to the issues have to be presented in evidence, among others and the truth of the matters thereof be determined and established. Likewise, even assuming of the succession in interest by CHASE, yet, proper recordations

in the County recorder have to be implemented by CHASE, or any successor, before it can further execute any legal activity such as further assignments, collection and or/foreclosure activities pursuant to California Civil Code 2924 foreclosure laws.

The trier of facts would require the operative and governing document which is the Pooling and Servicing Agreement, if any and/or the Pooling and Assumption Agreement, which together with the Underwriting Agreement, and other trust documents, would indicate who is the Originator or, Depositor/Transferror required to convey the mortgage loan and the deadline to convey the subject loan since the PSA or the P&A specifically requires all parties to strictly adhere to the Internal Revune Code (the "IRC") Section 860 provisions

Any successive transfers to various entities of the subject loan that may be judicially noticed are yet, considered <u>hearsay</u>, and that courts cannot take judicial notice of disputed facts contained in such hearsay documents . It is well established that "taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of the its meaning as the truthfulness and proper interpretation of its meaning are still disputable" (Joslin v. H.A.S Ins. Brokerage (1986) 184 cal App 3d 369, 374 (228 cal Rptr.878). While the courts take judicial notice of public records, they do not take notice of the truth of the matters stated therein (Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal App.4th 1366; Love v. Wolf (1964) 226 Cal. App.2d 378, 403 (38 Cal.Rptr.183); StorMedia Inc v. Superior Court (1999) 20 Cal.4th 449, 457).

When a non-debtor who is a pretender, as without lawful yet claim the power to foreclose, a homeowner/borrower is significantly harmed because he or she is in the verge of losing property from an incorrect party. The First Circuit decision in *Culhane vs. Aurora Loan Services of Nebraska (1st Cir. 2013) 708 F.3d 282* is on point. There, the court held that the plaintiff had properly alleged a causal link between the assignment in question and her injuries, even though she was behind in her payments. There is direct causal connection between the challenged action and the identified harm, wherein the void assignment is the "but for" cause of the homeowner/borrower's injury.

For example, if the invalid assignment had not occurred, the orginal lender or any correct party may or could exercise more leniency with the missed payment or worked out a loan modification plan with the borrower. Here, that cannot occur because the pretender lender have unlawfully converted the subject loan and property to their account. Also, it is possible that another pretender lender would come in and foreclose on the property subjecting the borrower to multiple foreclosures to his or her detriment. That's also where the element of "prejudice", among other, lie on the part of the homeowner/borrower.

**Recent Pertinent Califonia Case Authorities :**

Defendants have a misconceptions of the legal theories and the development of the Glaski case and even used their misconceptions in their motion to dismiss .

It is judicial notice that recently, the California Supreme Court granted petitions for review in three different cases decided by the California Court of Appeal- *Yvanova vs New Century Mortg. Corp., 331 P.3d1275 (Cal.2014);Keshtgar vs. U.S. Bank, 334P.3d 686 (Cal. 2014)(both decided by the Second Appellate District); and Mendoz v. JP Morgan Chase Bank, 337 P.3d 493 (cal. 2014) decided by the Third Appellate District).*

All three cases concerned homeowners who challenged pending or completed trustee's sales on the basis that the respective assignments of deeds of trust were void. The respective plaintiffs in these cases relied upon *Glaski v. Bank of America, NA, 218 Cal. App 4th 1079 (Ct App. 2013) decided by the Fifth Appellate District,* which held that a Borrower has standing to challenge a purportedly void assignment of trust, even the borrower was not a party or beneficiary of the assignment.

In Glaski, the Plaintiff alleged that the deed of trust was assigned into a securitized trust after the trust closing date, as set forth in the trust's pooling and servicing agreement and that that such assignement was in violation of New York Trust law, under which the trust was formed, Id., at 1095-1097.

On August 24, 2014, the California Supreme Court granted a review of a relevany connecting case: *Yvanova vs. New York Century Mortgage Corp (226 Cal.App 4th, 495,*

Inasmuch as once court of appeal held that in a wrongful foreclosure, the borrower did not standing to challenge the assignment of the note and deed of trust by the lender. In granting the review, the Yvanova court handed on February 18, 2016, handed the ruling that: Homeowners have standing to challenge a note assignmemt ins an action for wrongful foreclosure on the grounds that the assignment is VOID, (which puts to rest the prior aassumption by most California courts that a homeowner lacks legal standing to challenge a void assignment).

Now with a recent case in California, *Gieseke vs Bank of America,* the entire 9th Circuit has greatly amplified the already framatic impact of Yvanova and its progeny California cases *Keshtgar vs.U.S. Bank,* and ; *Sciaratta vs. US. Bank.* This is a significant development in that there was a remand Order from the 9th Circuit to the District Court, which seemingly is against the defendant bank, in light of the Yvanova and Keshtgar cases.

---

**Violation of the California Homeowners by Defendant**

Under CHBOR it does not really matter whether or not the borrower requested for a single point of contact (although Plaintiff herein requested one). The CHBOR specifically states that the **lender is required to provide a single point of contact.** In fact, if the Defendants are really in good faith in following the CHBOR, they themselves should initiate providing the single point of contact (even though there was no request received by them by the borrower, which in the instant case, however, Plaintiff has requested one.

On the issue whether or not Plaintiff submitted an application, Plaintiff on so many occasions have been trying to seek modification of the loan even form the time when CHASE was handling the servicing, and upon information and belief, has submitted loan modification application(s).

Nevertheless, there are still some of the provisions of the CHBOR that were properly pled. For one, the lender should not file and record unverified documents. From the beginning, as also

have been discussed above regarding wrongful assignment of deed of trusts, all the documents pertaining and relative to the loan and deed of trust have questionnable veracity. Undoubtedly, many document irregularities are being clearly allege by Plaintiff and can be litigated under a trier of facts and law.

The state of California has a legitimate interest in protecting borrowers from wrongful foreclosure of their mortgages. *(Resolution Trust Corp v. Bayshore Developers (N.D. cal 1993) 817 F. Supp 822, 827-82),* as Code of Civil Procedure 726 is designed likewise to do so. California Civil Code 2924 provides consumer protection against wrongful foreclosure to California mortgage debtors (*See Bank of America, NA vs. La Jolla Group et al (2005) 129 Cal App 4th 706).*

Henceforth, the CHOBR adds new protections to existing laws to help prevent affordable foreclosures. It also requires enhanced notifications so that borrowers will know and pursue their rights. It curbs dual tracking where loan servicers put homeowners on the foreclosure track, even when loan modification applications are under consideration It requires servicers to inform borrowers about the opportunity to apply for a lona modification or other relief, when available. It also requires servicers to send more notifcaitions regarding foreclosure to all borrowers to notify them of their rights. More importantly above all,the law requires lenders to provide proper documentations before they can foreclose, which Defendants in the instant case have not been able to provide at all.

**Defendants Unjust Enrichment**

Unjust Enrichment can be pled when there is retention of benefit conferred By Defendants, that is not legall justifiable and no compensation is offered. The elements are:
(a) the enrichment by Defendants (b) at the expense of the Plaintiff (c) knowledge by the Defendants (d) that there should be restitution in equity and good conscience to Plaintiff. Here, Defendants from the beginning have materially altered the total subject loan amount not is legally justifiable, as they applied exhorbitant fees, undisclosed hidden charges on the loan, of which they have full knowledge, and has become detrimental at the expense of Plaintiff, who was clearly is a victim of predatory lending .

**The need for Accounting**

As indicated in Plaintiff's compliant, it is undeniable that the loan amount on recent mortgages Have become so complicated and involved due to the recent practices of successive transfers to various assignees, resultin in different accounting procedure by banks and servicers, and that because of securitization, credit swaps , among others. Plaintiff's usual mortgage was approximately $4,00 per month, when the actual controversies arose so that the total amount owing shot up to about $6,000 per month. This is the reason for the resulting complexities of the loan. Although there may be no fiduciary relationship that may be established between Plaintiff and Defendants, there became a "complicated" and "involved" amount of mortgage balance that has to be accounted for as the remedy at law is insufficient to administer complete justice (*See Arbuckle vs. Clifford F. Reid, Inc (1931), 118 Cal.App.272).*

This is an exception to the fiduciary rule to demand Accounting

**Declaration of Rights has to be establised**

CCP Sec 1060 provides that any person under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another to in respect to, in over or upon property, may in cases of actual controversy relating to prospective legal rights and duties of the respective parties, bring an original action for a declaration of his or her rights. Plaintiff, among others, want also to declare the rights under the purported PSA Agreement between FDIC, and Washington Mutual as follows:

***Article II – Assumption of Liabilities***

***2.1. Liabilities Assumed by Assuming Bank.*** Subject to 2.5 and 4.8 , the Assuming Bank expressly assumes at Book Value (subject to adjustment pursuant to Article VIII) and agrees to pay, perform and discharge all of the liabilities of the Failed Bank which are refelected in the Books and Records of the Failed Bank as of Closing, including the Assumed Deposits and liabilities associated with any and all employee benefit plan…

**CA Business and Professions Code on Unfair Competition**

The California Business and Professions Code Sec 17200 et seq prohibits acts of unfair competition, which means any "fraudulent business act or practice' and conduct which is likeky to deceive and is fraudulent within the meaning of Sec 17200. Because Sec 17200 is written in

the disjunctive, it establishes three varieties of unfair competition, acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as " unfair" or "deceptive" even if not "unlawful" and vice versa *(Puentes vs. Wells Fargo Home Mortgage Inc (2008), 160 Cal.App 4th, 638, 642-644).*

Moreover, the unfair competition does not proscribe specific activities but broadly prohibits any unlawful, unfair or fraudulent business act or practice, and unfair, deceptive, untrue or misleading advertising. A fraudulent business practice is one that is likely to deceive members of the public *(Morgan vs. AT&T Wireless Services Inc (2009), 177 Cal.App4th 1235).*

Specifically, the Defendanst deceptive practices with respect to the mortgage loan servicing and realted foreclosure activities were all pled in the Complaint such as assessing substantially improper and excessive fees on the loan, misapplying or failing to apply Plaintiff's payments, improperly characterizing Plaintiff's accounts towards unlawful foreclosure proceedings, etc. The unfair and deceptive practices are also set forth in the other causes of action and also set forth in this Opposition.

## CONCLUSION

In view of the foregoing, Plaintiff hereby request this Court to overrule Defendants SELECT PORTFOLIO SERVICING and U.S. BANK, SUCCESSOR TRUSTEE TO BANK OF AMERICA NA., SUCCESSOR IN INTEREST TO LA SALLE BANK NA., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS THROUGH CERTIFICATE SERIES 2007- OA6 TRUST's Motion to Dismiss First Amended Complaint. Alternatively, if the Court finds that one or more of Plaintiff's causes of action have not been properly pled, Plaintiff respectfully requests leave of court to file a Second Amended Complaint

RALPH NEAL, Plaintiff in Proper

## DECLARATION OF PLAINTIFF RALPH NEAL

I, Ralph Neal declare as follow:

1. That I am the Plaintiff in the above entitled case that was originally filed on July 27, 2016 in the Santa Clara County Superior Court. which was removed to the Northern District of California on August 26, 2016.

2. That Defendants given an extended deadline to respond to this Complaint to September 16, 2016, they having stalled , finally filed their Motion to Dismiss after the set deadline by the court.

3. I am hereby submitting this Opposition to the Motion to Dismiss in the interest of justice, o protect my property rights and seek the court to overrule Defendants' Motion.

I declare under penalty of perjury that the foregoing is true and correct

RALPH NEAL, Plaintiff in Proper

Date: February 15, 2017
San Jose, California