1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6              SAN JOSE DIVISION

7

8    RALPH B. NEAL,                          Case No. 5:16-cv-04923-EJD

                   Plaintiff,
9                                            **ORDER DENYING PLAINTIFF'S**
                                             **MOTION TO REMAND; DENYING**
10        v.                                 **PLAINTIFF'S "MOTION TO PROVE**
                                             **AUTHORITY"**
11   SELECT PORTFOLIO SERVICING, INC.,
     et al.,                                 Re: Dkt. Nos. 14, 15
12
                   Defendants.

13   **I.    INTRODUCTION**

14          Plaintiff Ralph Neal ("Plaintiff") is the trustor of a 2007 Deed of Trust executed in favor of

15   Washington Mutual in connection with the refinance of a home loan.  He initiated this action in

16   Santa Clara County Superior Court in July, 2016, against Defendants U.S. Bank NA, who is

17   "successor trustee to Bank of America, NA, successor in interest to La Salle Bank NA, as trustee

18   on behalf of the holders of the Wamu Mortgage Pass-Through Certificates, Series 2007-OA6,"

19   and Select Portfolio Servicing Inc. (collectively, "Defendants"), and asserts several causes of

20   action based in California law.  Select Portfolio Servicing removed the action to this court on

21   August 26, 2016, citing federal jurisdiction on the basis of diversity of citizenship.  Dkt. No. 1.

22          Presently before the court is Plaintiff's motion to remand and a "motion to prove

23   authority," both of which Defendants oppose.  Dkt. Nos. 14, 15.  Having carefully reviewed the

24   parties' pleadings, the court finds these matters suitable for decision without oral argument.  Civ.

25   L.R. 7-1(b).  Thus, the hearing scheduled for March 9, 2017, will be vacated.  Because Defendants

26   have successfully satisfied their burden to demonstrate federal jurisdiction, and because there is no

27                                      1

28

United States District Court
Northern District of California

1  basis to require proof of "authority," the motions will be denied for the reasons explained below.

2  ## II.   LEGAL STANDARD

3  Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

4  F.2d 1062, 1064 (9th Cir.1979) ("The removal jurisdiction of the federal courts is derived entirely

5  from the statutory authorization of Congress.").  In general, only those state court actions that

6  could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except

7  as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

8  which the district courts of the United States have original jurisdiction, may be removed by the

9  defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court

10 actions that originally could have been filed in federal court may be removed to federal court by

11 defendant.").  Accordingly, the removal statute provides two basic ways in which a state court

12 action may be removed to federal court: (1) the case presents a federal question, or (2) the case is

13 between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§

14 1441(a), (b).

15 On a motion to remand, it is the removing defendant's burden to establish federal

16 jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.

17 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal

18 jurisdiction means that the defendant always has the burden of establishing that removal is

19 proper."); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).

20 "Where doubt regarding the right to removal exists, a case should be remanded to state court."

21 Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. §

22 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

23 jurisdiction, the case shall be remanded.").

24 ## III.   DISCUSSION

25 Plaintiff presents several arguments in favor of remand, none of which support the relief

26 sought.

27

28 Case No.: 5:16-cv-04923-EJD
   ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
   "MOTION TO PROVE AUTHORITY"

United States District Court
Northern District of California

2

**A.    Federal Question Jurisdiction is Irrelevant**

First, Plaintiff argues the action must be returned to state court because his causes of action are neither created by federal law nor raise a substantial federal question.  Although the observation is an accurate one insofar as it correctly describes the nature of the claims asserted in the Complaint, it is nonetheless irrelevant.  Since Defendants' Notice of Removal does not rely on the existence of a federal question as the basis for this court's jurisdiction, the rule requiring the court to scrutinize "the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law" is inapplicable.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

**B.    There is Complete Diversity of the Parties**

Second, Plaintiff challenges the existence of diversity jurisdiction by stating that one defendant, U.S. Bank, is "mainly doing business in California, and thus a citizen of California for diversity purposes."  Similarly, Plaintiff concludes in his reply brief that California became "a nerve center" for U.S. Bank because it does "substantial business in California."

Plaintiff relies on an incorrect legal standard when it comes to U.S. Bank.  Unlike a corporation, which is subject to 28 U.S.C. § 1332(c) and considered a citizen of the state under whose laws it is organized or incorporated and the state of its principal place of business (Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008)), a national bank is subject to another statute, 28 U.S.C. § 1348.  The Ninth Circuit has interpreted the pertinent language of § 1348 - providing that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located" - to mean that "a national banking association is a citizen *only* of the state in which its main office is located."  Rouse v. Wachovia Mort., FSB, 747 F.3d 707, 715 (9th Cir. 2014) (emphasis added).

Here, U.S. Bank has produced judicially-noticeable evidence demonstrating that it is a

3

national bank with a headquarters in Cincinnati, Ohio.  Req. for Judicial Notice, Dkt. No. 21.[1]

Thus, like several others to have examined this exact issue previously, this court concludes

pursuant to § 1348 and <u>Rouse</u> that U.S. Bank is a citizen only of Ohio, without regard to any

concentration of its operations.  See, e.g., <u>Buffets, Inc. v. Leischow</u>, 732 F.3d 889, 897 (8th Cir.

2013); <u>Melendez v. U.S. Bank N.A.</u>, CV 15-08633 SJO (AGRx), 2016 U.S. Dist. LEXIS 15284, at

n.2, 2016 WL 446528 (C.D. Cal. Feb. 2, 2016); <u>Williams v. Bank of America, N.A.</u>, No. 15-CV-

00792-LHK, 2015 U.S. Dist. LEXIS 54178, at *7, 2015 WL 1885455 (N.D. Cal. Apr. 24, 2015).

And since Plaintiff does not dispute that he is a citizen of California, or challenge the

representation in the Notice of Removal that Select Portfolio Servicing is incorporated in Utah

with a principal place of business also in that state, the court finds the existence of complete

diversity for the purpose of federal jurisdiction.  See <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1181

(9th Cir. 2004) (holding for diversity jurisdiction to arise, "there must be complete diversity of

citizenship between the parties opposed in interest").

### C.    The Notice of Removal Complies with the "Rule of Unanimity"

Plaintiff's third argument is based on the "rule of unanimity" required for removals by 28

U.S.C. § 1446(b)(2).  Under that rule, "[a]ll defendants must join in a removal petition."  <u>Hewitt v.</u>

<u>City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986).  But "individual consent documents on

behalf of each defendant" are not required; instead, the Ninth Circuit has held that § 1446(b)(2)

can be satisfied through one defendant's "timely removal notice containing an averment of the

other defendants' consent and signed by an attorney of record."  <u>Proctor v. Vishay Intertechnology</u>

<u>Inc.</u>, 584 F.3d 1208, 1225 (9th Cir. 2009).  Moreover, only "defendants properly joined and served

in the action" at the time of removal are required to give their consent.  <u>Emrich v. Touche Ross &</u>

<u>Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

[1] Defendants' Request for Judicial Notice is GRANTED.  Fed. R. Evid. 201(b) (permitting judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

4

Case No.: 5:16-cv-04923-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
"MOTION TO PROVE AUTHORITY"

United States District Court
Northern District of California

United States District Court
Northern District of California

1         Relying on § 1446(b)(2) and the general notion that removal jurisdiction statutes are

2    strictly construed against removal (Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108

3    (1941)), Plaintiff contends the Notice of Removal is defective because it was submitted by counsel

4    on behalf of Select Portfolio Servicing and, to the extent counsel does not also represent U.S.

5    Bank, that defendant could not have consented to the removal.  This argument is misplaced in

6    light of the rules detailed above.  Since the Notice of Removal indicates that U.S. Bank was not

7    served at the time the pleading was filed, and since Plaintiff has not produced a proof of service

8    stating otherwise, U.S. Bank's consent to removal was not required.  See Emrich, 846 F.2d at

9    1193 n.1.  But even if U.S. Bank had been served, the representation by counsel that U.S Bank

10   joined in the removal is consistent with the Ninth Circuit's interpretation of what is required by §

11   1446(b)(2).  This would be true no matter the status of U.S. Bank's legal representation.[2]  See

12   Proctor, 584 F.3d at 1225.

13        Furthermore, no statute or other authority requires a defendant to obtain the plaintiff's

14   consent before removing an action from state court to federal court.  Plaintiff's argument

15   suggesting as much is therefore without merit.

16        In sum, the Notice of Removal does not violate the "rule of unanimity."

17     **D.**    **There are no Grounds for Abstention**

18        Citing Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976),

19   and cases applying it, Plaintiff requests the court abstain from deciding his claims because

20   "foreclosures in California are a policy problem of substantial public importance" and "retention

21   of jurisdiction would be disruptive of California's need to rule on issues of first impression."  In a

22

23   [2] Plaintiff has filed another motion entitled, in part, "Motion to Prove Authority to Represent U.S.
Bank," in which he requests counsel prove its authority to represent U.S. Bank.  Dkt. No. 14.

24   Plaintiff, however, has not provided any evidence calling into question the fact of U.S. Bank's
representation, and has provided no legal authority permitting this sort of challenge in the absence

25   of any such evidence.  The unauthenticated article attached to the reply brief does not reveal
anything about U.S. Bank's status in this particular case, and presents distinguishable factual

26   circumstances in any event.  Instead, the court will accept the statement provided in the opposition
to this motion, made subject to Federal Rule of Civil Procedure 11(b), that counsel has been

27   retained by U.S. Bank to represent it in this action.  On that basis, the motion will be denied.

28   Case No.: 5:16-cv-04923-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
"MOTION TO PROVE AUTHORITY"

United States District Court
Northern District of California

1  related argument, he argues for remand because this case involves "issues of statewide

2  importance" which should be adjudicated "with precedent exclusive to the unique statutory

3  trustee's sale procedures for the State of California."  These contentions are unpersuasive bases for

4  abstention.

5      "Abstention from the exercise of federal jurisdiction is the exception, not the rule."

6  Colorado River, 424 U.S. at 813.  Indeed, district courts have a "virtually unflagging obligation to

7  exercise the jurisdiction given to them."  Id. at 817.  Thus, Colorado River abstention is only

8  appropriate "in cases presenting a federal constitutional issue which might be mooted or presented

9  in a different posture by a state court determination of pertinent state law," or "where there have

10  been presented difficult questions of state law bearing on policy problems of substantial public

11  import whose importance transcends the result in the case then at bar.  Id. at 814; accord Tucker v.

12  First Maryland Sav. & Loan, Inc., 942 F.2d 1401, 1404 (9th Cir. 1991) (holding that "abstention

13  may be appropriate 'to avoid federal intrusion into matters which are largely of local concern and

14  which are within the special competence of local courts.'").  Under the latter category, however,

15  the Ninth Circuit "generally requires certain factors to be present for abstention to apply: (1) that

16  the state has concentrated suits involving the local issue in a particular court; (2) the federal issues

17  are not easily separable from complicated state law issues with which the state courts may have

18  special competence; and (3) that federal review might disrupt state efforts to establish a coherent

19  policy."  Tucker, 942 F.2d at 1405.

20      Since none of Plaintiff's claims raise a federal constitutional issue, abstention under

21  Colorado River's first category is unwarranted.

22      It is also inappropriate under the second category.  Plaintiff has not established that the

23  California state courts have concentrated similar suits in a particular court, and has not

24  convincingly shown that this action involves complicated legal issues implicating state policy that

25  may be disrupted by a decision by the federal court.  In fact, this court routinely decides cases like

26  this one implicating standard state real property and foreclosure laws, and is certainly capable of

27

28
Case No.: 5:16-cv-04923-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
"MOTION TO PROVE AUTHORITY"

United States District Court
Northern District of California

applying relevant California precedent in the same manner as the state courts.  There is nothing unique or exceptional about this case to justify abstention.

**IV.     ORDER**

Based on the foregoing, Plaintiff's Motion to Remand (Dkt. No. 15) is DENIED.  The "Motion to Prove Authority to Represent U.S. Bank" (Dkt. No. 14) is also DENIED.

The hearing scheduled for March 9, 2017, is VACATED.  The motion to appear telephonically (Dkt. No. 31) is TERMINATED AS MOOT.


**IT IS SO ORDERED.**

Dated:  March 6, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04923-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
"MOTION TO PROVE AUTHORITY"

7