UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALPH B. NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-04923-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

In this civil action related to a Deed of Trust ("DOT"), Plaintiff Ralph Neal ("Plaintiff") alleges that Defendants U.S. Bank N.A., "successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6," and Select Portfolio Servicing, Inc. (collectively "Defendants") have engaged in improper lending and collection activity.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Presently before the court is Defendants' Motion to Dismiss. Dkt. No. 26. Plaintiff opposes the motion. The court's review of the pleadings reveals the instant causes of action fare no better than those asserted by Plaintiff in a previous action over nearly identical issues. Thus, Defendants' Motion to Dismiss will be granted for the reasons explained below.

**I.   BACKGROUND**

Plaintiff is the trustor of a DOT recorded on or about May 25, 2007, against residential property located on Calco Creek Drive in San Jose (the "Property") pursuant to the refinance of a loan. Compl., Dkt. No. 1, at ¶ 1. As noted, this is Plaintiff's second action with respect to the DOT and the Property, and a large portion of factual allegations are common to the two cases. See

Neal v. Select Portfolio Servicing, Inc., Case No. 5:15-cv-03212-EJD ("Neal I").[1]

As he did previously, Plaintiff alleges the original lender on the DOT was Washington Mutual, FA, and the original trustee was California Reconveyance Company ("CRC"). Id. at ¶ 11. On November 4, 2010, CRC recorded an Assignment noting a transfer of the DOT from JP Morgan Chase Bank to "Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust." Id. at 26. That same day, CRC also recorded a Notice of Default stating that Plaintiff owed past due payments of $70,383.83. Req. for Judicial Notice, Dkt. No. 26, at Ex. 1.[2]

Plaintiff generally alleges the DOT was subsequently transferred and assigned and that "due to the chain of assignments, it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage" on the Property. Compl., at ¶ 12. Plaintiff discovered "several material inconsistencies and inaccuracies" with the total loan amount, the crediting of payments, and the imposition of "exorbitant fees," and "undisclosed and hidden charges." Id. at ¶ 20. Plaintiff also discovered "document irregularities" and other problems. Id. at ¶ 21. He disputes the true amount of the loan and "the legal standings of the current lender/servicer." Id. at ¶ 22. Plaintiff alleges that U.S. Bank "pretends to be the current owner" of his loan "without evidence." Id. at ¶ 30.

Plaintiff initiated this action in Santa Clara County Superior Court on July 27, 2016, and Defendants removed it to this court on August 26, 2016. Plaintiff asserts the following causes of action: (1) "void assignment of deed of trust," (2) "lack of legal standing," (3) interference of contract, (4) intentional misrepresentation, (5) negligent misrepresentation, (6) violations of the California Homeowners Bill of Rights ("CHBOR"), (7) unjust enrichment, (8) accounting, (9)

---

[1] The court takes judicial notice of the pleadings filed in Neal I. See Fed. R. Evid. 201(b) (providing that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

[2] Defendants' Request for Judicial Notice is also GRANTED.

quiet title, and and (7) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq. The court denied Plaintiff's motion to remand. Dkt. No. 32. The instant motion followed the removal.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction, and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### C. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. But pro se parties must still abide by the rules of the court in which they litigate. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III. DISCUSSION

### A. First and Second Causes of Action

Defendants argue the first and second causes of action are barred by the doctrine of res judicata because Plaintiff raised them in Neal I. Since res judicata is generally jurisdictional, it is examined under Rule 12(b)(1). Armstrong v. Young, No. 2:12-cv-0123 TLN KJN P, 2014 WL 1877451, at *2 (E.D. Cal. May 9, 2014).

"[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). In California,

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

"[r]es judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles, 126 Cal. App. 4th 1180, 1202 (2004). It is also true in California that "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." Id.

Here, all of the elements of res judicata are met. For the first element, all claims asserted in Neal I were eventually dismissed without leave to amend. See Dkt. Nos. 22, 39 in Neal I. Judgment was entered in favor of the defendants, and the time for filing an appeal from the judgment has expired. See Dkt. No. 40 in Neal I. Thus, the adjudication of Neal I is now final and on the merits. See Colodney v. Orr, No. EDCV 14-1973-VAP (SPx), 2015 WL 1636818, at *5 (C.D. Cal. Apr. 9, 2015) (dismissal without leave to amend is a final judgment on the merits); see also Nnachi v. City of San Francisco, No. C 10-0714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits."); see also Franklin & Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000) ("[I]n California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired.").

For the second element, the first and second causes of action asserted in the instant Complaint raise the same allegations as the first and second causes of action asserted in the original version of the Complaint filed in Neal I. See Dkt. No. 2 in Neal I.

For the third element, Plaintiff and Select Portfolio Servicing are common parties to both this action and Neal I. And though this action also involves one different defendant - U.S. Bank is sued here while Bank of America was sued in Neal I - that distinction makes no difference because Plaintiff's allegations clarify that the two entities are in privity. Indeed, they are both alleged to have been trustees for the same securitized trust. See Helfand v. Nat'l Union Fire Ins. Co., 10 Cal. App. 4th 869, 902 (1992) ("Privity exists where the nonparty has an identity of

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

interest with, and adequate representation by, the party in the first action and the nonparty should reasonably expect to be bound by the prior adjudication.").

Thus, the court lacks jurisdiction to adjudicate the first and second causes of action because they are barred by res judicata. These causes of action will be dismissed without prejudice, but without leave to amend, because they cannot be remedied with additional allegations. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals for lack of subject matter jurisdiction should be without prejudice).

### B. Third Cause of Action

The court now turns to arguments under Rule 12(b)(6). To plead a claim for intentional interference with contractual relations under California law, a plaintiff must allege (1) a valid contract between plaintiff and a third party, (2) defendant's knowledge of this contract, (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damage. Quelimane Co. v. Stewart Title Guar. Co., 19 Cal.4th 26, 55 (1998) (quoting Pac. Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990)).

Furthermore, "[i]t is the settled rule in actions for wrongful interference with contract rights that an essential element of the cause of action is that the conduct charged be the procuring cause of the interference and the harm." Beckner v. Sears, Roebuck & Co., 4 Cal. App. 3d 504, 507 (1970). Stated another way, "a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof." Dryden v. Tri-Valley Growers, 165 Cal. App. 3d 990, 997 (1977). In addition, an intentional interference claim will not arise if "the defendant's conduct consists of something which he had an absolute right to do." Id. at 996.

Plaintiff alleges Defendants interfered with his DOT with Washington Mutual by asserting they are the current owner and servicer of the loan. Compl., at ¶¶ 53, 54. These facts fail to state a claim for intentional interference with a loan contract for two primary reasons. First, Plaintiff's

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
6

allegations do not establish that Defendants' conduct was the "moving cause" of any unspecified harm. To the contrary, the Notice of Default recorded by CRC on November 4, 2010, specifies that Plaintiff owed $70,383.33 as of that date, and Plaintiff does not dispute that he failed to make complete and timely payments on the loan despite his obligation to do so under the DOT.[3] Id. at ¶ 86 ("Plaintiff has been paying the original monthly mortgage, until the actual controversies occurred . . . ."); see also Opp'n, Dkt. No. 28, at p.3 ("Hence, many borrowers, such as the Plaintiff could no longer afford the mortgage . . . ."). Thus, the Complaint does not plausibly show it was Defendants' alleged interference, rather than Plaintiff's default on payments, that caused him any harm in relation to the DOT. In short, there exists on an "obvious alternative explanation" for any alleged harm. Iqbal, 556 U.S. at 682.

Second, the DOT outlines procedures for changes in ownership, servicing, and notifications of default. Paragraph 20 states "[t]he Note or partial interest in the Note . . . can be sold one or more times without prior notice to Borrower" and that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note . . . ." Paragraph 22 states that "[i]f Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default . . . . Trustee shall cause this notice to be recorded in each county in which any part of the Property is located." Though Plaintiff speculates that Defendants are not the current owner and servicer of his loan, he has failed to allege plausible facts to show the Note was not transferred according to Paragraph 20 of the DOT - which does not require advance notice to Plaintiff - or that CRC, as the original named trustee, was not acting consistent with Paragraph 22 of the DOT when it recorded the Notice of Default. Plaintiff cannot state an intentional interference claim without such facts because otherwise the alleged conduct consists of activity Defendants "had an absolute right to do." Dryden, 165 Cal. App. 3d at 997.

---

[3] The court takes judicial notice of the DOT as a document upon which Plaintiff's claim necessarily rely. See United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
7

Because Defendant cannot plead facts to show it was Defendants' conduct as opposed to his own that caused any interference with the DOT, the third cause of action will be dismissed without leave to amend as permitting leave to do so would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013).

### C. Fourth and Fifth Cause of Action

The elements of intentional misrepresentation in California are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). The elements of negligent misrepresentation are similar except that a plaintiff need not show that the defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable ground for believing the statement to be true. McReynolds v. HSBC Bank USA, No. 5:11-cv-05245 EJD, 2012 WL 5868945, at *2 (N.D. Cal. Nov. 19, 2012). These claims are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1104 (9th Cir. 2003); N. Star Gas Co. v. Pac. Gas & Elec. Co., No. 15-cv-02575-HSG, 2016 WL 5358590, at *27 (N.D. Cal. Sept. 26, 2016) ("Most courts in this district hold state common law negligent misrepresentation claims to the heightened pleading standards of Rule 9(b).").

The facts alleged for the misrepresentation causes of action are plainly deficient. Only the first element is alleged with any level of specificity; the remaining elements simply parrot the legal requirements of intentional and negligent misrepresentation. That is not sufficient under any pleading standard. Iqbal, 556 U.S. at 678 (holding it is insufficient under Rule 8 to submit "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'").

Nor are there any allegations that could be added to the Complaint to save these claims because Plaintiff's entire theory is simply implausible. The crux of the causes of action is that Defendants have misrepresented their relationship to Plaintiff's loan. But no matter who truly owns or services the loan, whether Defendants or other entities, the inescapable fact is that

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
8

Plaintiff defaulted. He therefore cannot allege as a matter of fact that any damage related to the DOT was caused by Defendants. See Reynoso v. Paul Financial, LLC, No. 09-3225 SC, 2009 WL 3833298 at *4 (N.D. Cal. Nov. 16, 2009). Since Plaintiff did not supply any argument relevant to these causes of action in opposition to the motion to dismiss, the court has no basis to find otherwise and therefore deems these claims abandoned. See Low v. LinkedIn Corp., 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (deeming claim "abandoned" when "Plaintiffs' opposition failed to address their claim for unjust enrichment").

The fourth and fifth causes of action will be dismissed without leave to amend on the basis of futility, or in the alternative, as abandoned. Hartmann , 707 F.3d at 1129-30.

### D. Sixth Cause of Action

Plaintiff alleges Defendants violated the CHBOR through "various document irregularities," by denying a "rightful opportunity" to pursue a loan modification, and by failing to provide him with a single point of contact. Compl., at ¶¶ 71-73. None of these allegations establish a violation of the CHBOR with regard to Plaintiff's loan. As was explained in Neal I, the CHBOR did not become effective until 2013, and is not retroactive. Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013). Plaintiff has not cited any conduct by Defendant occurring after 2013, and the allegations are defective for that reason. And because this is the same defect that ultimately resulted in the dismissal of the CHBOR cause of action asserted in Neal I, the court finds that permitting further amendment would be futile at this point. The CHBOR cause of action will be dismissed without leave to amend. Hartmann, 707 F.3d at 1129-30.

### E. Seventh Cause of Action

Plaintiff alleges Defendants have been unjustly enriched because they "materially altered the total subject loan amount," and have applied "exorbitant fees and hidden charges on the loan." Compl., at ¶ 77. He also alleges "the total loan amount of the subject mortgage changed and significantly deviated from the original terms of the loan," and that Defendants have denied him the "opportunity to rectify the true amount of the loan with the real party." Id. at ¶¶ 77, 78.

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
9

In Neal I, the court advised that a standalone cause of action for "unjust enrichment," when synonymous with "restitution," does not exist. Astiana v. Hain Celestial Grp., Inc., 783 F. 3d 753, 762 (9th Cir. 2015); Bank of New York Mellon v. Citibank, N.A., 8 Cal. App. 5th 935, 955 (2017). This is because unjust enrichment and restitution simply describe the theory underlying a claim that a defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request." Astiana, 783 F.3d at 762. The return of that benefit is the remedy that is typically "sought in a quasi-contract cause of action." Id.

When a plaintiff asserts unjust enrichment, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" Id. (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014)); see Jogani v. Super. Ct., 165 Cal. App. 4th 901, 911 (2008). Importantly, however, a claim for quasi-contract "cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203 (1996). Moreover, the plaintiff must allege "a failure to make restitution under circumstances where it is equitable to do so." Ib Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003).

Here, the cause of action for unjust enrichment fails as a matter of law. Aside from the inability to assert such a claim in California, Plaintiff has not alleged circumstances in which it is equitable for Defendants to return anything to him. Again, Plaintiff does not dispute his neglect of the standard payment obligations under the DOT. Thus, regardless of the true owner or servicer of the loan, Plaintiff would not be entitled to a refund of any payments. At bottom, he owes the principal, interest and penalty payments to someone or something.

In addition, Plaintiff's cause of action is actually framed as one for restitution, and is properly construed as one under quasi-contract. But Plaintiff cannot proceed on a quasi-contract theory because he acknowledges the existence of an express contract covering the debt that Defendants have allegedly "materially altered."

The claim for unjust enrichment will be dismissed without leave to amend. There are no additional facts that could render it legally sound. Hartmann, 707 F.3d at 1129-30.

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

10

### F. Eighth, Ninth and Tenth Causes of Action

The Complaint's final three causes of action are repeats of ones the court dismissed without leave to amend in Neal I. The fact they are re-asserted in a separate action does not render them any more plausible. Nor does the court find Plaintiff should be permitted another opportunity to amend these claims since he was already afforded two chances to do so in Neal I with no success. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (holding that dismiss without leave to amend may be ordered for "failure to cure deficiencies by amendments previously allowed").

Accordingly, the causes of action for accounting, quiet title, and violation of the UCL will each be dismissed without leave to amend for the same reasons explained in Neal I. See Dkt. No. 39 in Neal I.

## IV. ORDER

Based on the foregoing, the Motion to Dismiss (Dkt. No. 26) is GRANTED. All causes of action asserted in the Complaint are DISMISSED WITHOUT LEAVE TO AMEND consistent with the preceding discussion.

All other matters are TERMINATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 22, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04923-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
11